UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROY JAMES, INDIVIDUALLY, AND ON
BEHALF OF AND FOR THE USE AND
BENEFIT OF THE WRONGFUL DEATH
BENEFICIARIES OF GWENDOLYN
SPENCER**                                                                    **PLAINTIFF**

**V.**                                                   CIVIL ACTION NO. <u>3:18-cv-224-HSO-JCG</u>

**SHADY LAWN, LLC, d/b/a SHADY LAWN
HEALTH AND REHABILITATION
CENTER; WEST MISSISSIPPI
MANAGEMENT ASSOCIATES, LLC,
UNIDENTIFIED ENTITIES 1-10 AND JOHN
DOES 1-10 (as to the SHADY LAWN
NURSING HOME)**                                                          **DEFENDANTS**

---

### NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1441 and 1446 Defendants Shady Lawn, LLC d/b/a Shady Lawn

Health & Rehabilitation Center[1] and West Mississippi Management Associates, LLC (collectively

"Defendants") file this Notice of Removal of the civil action styled *Roy James, Individually, and on*

*behalf of and for the use and benefit of the wrongful death beneficiaries of Gwendolyn Spencer v.*

*Shady Lawn, LLC d/b/a Shady Lawn Health and Rehabilitation Center, West Mississippi*

*Management Association, LLC, Unidentified Entities 1-10, and John Does 1-10 (as to the Shady*

*Lawn Nursing Home)*, Civil Action No. 18,0016-CI, from the Circuit Court of Warren County,

Mississippi, to the United States District Court for the Southern District of Mississippi, Northern

Division.  In support of this Notice, Defendants state the following:

---

[1] On May 6, 2016, Shady Lawn, LLC filed a Chapter 11 Petition in the Bankruptcy Court for the Middle District of
Tennessee, Nashville Division - Case No. 16-03296.  All of Defendants' rights and protections pursuant to that
bankruptcy filing are expressly reserved.

1.     Plaintiff filed this action on February 27, 2018.  In the Complaint, Plaintiff alleges that his mother, Gwendolyn Spencer, received substandard nursing care during her residency at Shady Lawn in Vicksburg, Mississippi.  According to the Complaint, Ms. Spencer suffered injuries and ultimately died as a result of Shady Lawn's alleged negligence.

2.     Defendants were served with copies of the Complaint and Summons on March 18, 2018.  This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

3.     Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division, because that is the district in which the state court action was filed. *See* 28 U.S.C. §§ 1446(a) & 104(b)(1).

4.     Pursuant to 28 U.S.C. § 1446(a), a copy of any and all process, pleadings, and orders served upon Defendants are attached as composite Exhibit "A."

5.     The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and (2) there is diversity of citizenship between Plaintiff and both Defendants.

6.     It is apparent that the amount in controversy requirement is met because Plaintiff seeks to recover damages for his mother's "severe Stage IV pressure injuries … infections and dehydration…." Complaint at ¶ 3.02.  Plaintiff further claims his mother suffered "loss of dignity, great pain and suffering, disfigurement, mental anguish, and ultimately death." *Id.*  Taken together, these allegations easily establish the requisite amount in controversy.  *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. App'x 62, 67 (5th Cir. 2010) (holding that wrongful death plaintiffs' request for pain and suffering, mental anguish, and loss of consortium damages satisfied the amount in controversy).

4821-4717-2449 v2
2825932-000262 04/10/2018

7.     Moreover, Plaintiff seeks punitive damages.  A claim for punitive damages also must be considered when evaluating the amount in controversy.  *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (holding that a district court must consider any claim for punitive damages when calculating the amount in controversy); *Sun Life Assur. Co. of Canada (U.S.) v. Fairley*, 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007) (same).

8.     Diversity of citizenship exists because Plaintiff is alleged to be a citizen of Mississippi, and Shady Lawn, LLC and West Mississippi Management Associates, LLC are not citizens of Mississippi.  As set forth in detail below, Shady Lawn, LLC is a Tennessee limited liability company whose sole member, Vanguard Healthcare, LLC, is a citizen of the state of Tennessee.  No members of Vanguard Healthcare, LLC reside in or are citizens of the state of Mississippi.  The same is true for West Mississippi Management Associates, LLC.  Shady Lawn and West Mississippi Management Associates, LLC are, therefore, not citizens of Mississippi.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of an LLC is that of all its members).

9.     Again, the sole member of both Shady Lawn, LLC and West Mississippi Management Associates, LLC is Vanguard Healthcare, LLC, a Tennessee citizen.  Vanguard Healthcare's members are William D. Orand, Sr., the Orand Limited Partnership, and the Ervin General Partnership.

10.    William D. Orand, Sr. is a citizen of Tennessee.

11.    The Orand Limited Partnership is a Tennessee limited partnership.  Its partners are William D. Orand, Sr., Pam Orand, William D. Orand, Jr., and Bradford Orand.  William D. Orand, Sr., Pam Orand, and Bradford Orand are all citizens of Tennessee.  William D. Orand, Jr. is a citizen of Texas.  Thus, the Orand Limited Partnership is a citizen of Tennessee and of Texas.  *Int'l*

*Paper Co. v. Denkmann Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997) ("For the purposes of diversity jurisdiction, the citizenship of a partnership is determined by reference to the citizenship of each of its partners.")

12.     The Ervin General Partnership is a Tennessee general partnership.  Its partners are Linda M. Ervin, the Jere Suzanne Smothers Irrevocable Trust, the William J. Ervin Irrevocable Trust, the Jere Murphy Smothers 2008 Irrevocable Trust, and the Thomas Mann Smothers 2008 Irrevocable Trust.  Linda M. Ervin is a citizen of Tennessee.  Because J. Larry Williams is the trustee for each and every one of the aforementioned trusts, and further because he is a citizen of Tennessee, the trusts are Tennessee citizens.  *See Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 397 n. 6 (5th Cir. 2009), citing *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (holding that the citizenship of a trust is that of its trustee).  Thus, because all of its members are Tennessee citizens, the Ervin General Partnership is a Tennessee citizen.  *See Int'l Paper Co.*, 116 F.3d at 137.

13.     For the reasons stated above, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper under §§ 1441 and 1446.

14.     In accordance with 28 U.S.C. § 1446(d), a Notice of Filing, along with a copy of this Notice of Removal, has been sent to all counsel of record and will be filed with the Clerk of Court for the Circuit Court of Warren County, Mississippi.  A copy of the Notice of Filing is attached as Exhibit B.

**WHEREFORE,** Defendants request that the above-captioned action now pending in Warren County Circuit Court be removed to the United States District Court for the Southern District of Mississippi, Northern Division, and that the District Court assume jurisdiction over this lawsuit.

-4-

This, the 10th day of April, 2018.

Respectfully Submitted,

SHADY LAWN LLC d/b/a SHADY LAWN
HEALTH & REHABILITATION CENTER
AND WEST MISSISSIPPI MANAGEMENT
ASSOCIATES, LLC

By Their Attorneys,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

_____
      W. DAVIS FRYE

W. Davis Frye (MSB No. 10671)
dfrye@bakerdonelson.com
Brad C. Moody (MSB No. 101628)
bmoody@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi  39211-6391
*Telephone*:  (601) 351-2400
*Facsimile*:  (601) 351-2424

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing *Notice of Removal* with

the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

> R. Paul Williams, III
> Courtney M. Williams
> WILLIAMS NEWMAN WILLIAMS, PLLC
> 129 B. South President Street (39201)
> P.O. Box 23785
> Jackson, MS  39225
> paul@wnwlegal.com

This, the 10th day of April, 2018.

W. DAVIS FRYE

-6-